FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 09 2004

at 2 o'clock and 30 min. P M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALVON CALLIER, II, | ) | Civ. No. 01-00133 HG-BMK |
| | ) | Crim No. 96-01292 HG |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| UNITED STATES OF AMERICA, | ) | PLEADING ENTITLED "MOTION FOR |
| | ) | RELIEF FROM JUDGMENT PURSUANT |
| Respondent. | ) | TO RULE 60(b), FEDERAL RULES |
| | ) | OF CIVIL PROCEDURE" |

ORDER DENYING PETITIONER'S PLEADING ENTITLED
"MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b),
FEDERAL RULES OF CIVIL PROCEDURE"

On December 11, 1996, a federal grand jury returned a 23-count indictment against Alvon Callier, II ("Petitioner"). Petitioner was charged in Count I with drug conspiracy. Counts 2-21 charged Petitioner with money laundering. Counts 22 and 23 charged Petitioner with willfully failing to file a tax return for calendar years 1992 and 1993, respectively.

On December 30, 1996, pursuant to a plea agreement, Petitioner pled guilty in federal court to Counts 1, 2, and 22.

The remaining counts in the Indictment were dismissed. Petitioner was sentenced to 200 months in prison with 5 years supervised release. Judgment was entered against Petitioner on August 15, 1997.

Over three years after judgment was entered, in February of 2001, Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2255. The Court denied Petitioner's § 2255 petition, as well as Petitioner's subsequent motion for reconsideration and application for a certificate of appealability.

On May 5, 2004, nearly seven and one-half years after pleading guilty and nearly seven years after judgment was entered against him, Petitioner filed a pleading entitled "Motion for Relief from Judgment Pursuant to Rule 60(b), Federal Rules of Civil Procedure."

For the reasons set forth below, the Court DENIES Petitioner's May 5, 2004 pleading.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 30, 1996, Defendant pled guilty to one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846; one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B); and one count of willfully failing to file a tax return for calendar years 1992 and 1993, in violation of 26 U.S.C. § 7203. Judgment was entered against Petitioner on August 15, 1997.

On February 23, 2001, more than three years after judgment was entered, Petitioner filed a petition pursuant to 28 U.S.C. § 2255, in Civil No. 01-00133 HG-BMK. On the same date, Petitioner filed a supplemental memorandum in support of his § 2255 petition.

On March 26, 2001, the Government filed an opposition to Petitioner's § 2255 petition.

On April 12, 2001, Petitioner filed a traverse to the Government's opposition.

On May 17, 2001, the Court issued an Order denying Petitioner's § 2255 petition.

On May 31, 2001, Petitioner filed a motion for reconsideration of the Court's May 17, 2001 Order. The Court denied Petitioner's motion for reconsideration in an Order issued on June 18, 2001.

On July 23, 2001, Petitioner filed an application to proceed in forma pauperis. On the same date, Petitioner filed an application for a certificate of appealability.

On August 10, 2001, the Court issued an Order denying petitioner's application to proceed in forma pauperis.

On August 15, 2001, the Court issued an Order declining to issue a certificate of appealability.

On May 5, 2004, more than seven years after judgment was entered, Petitioner filed a pleading, considered here, entitled

"Motion for Relief From Judgment Pursuant to Rule 60(b), Federal Rules of Civil Procedure."

## STANDARD OF REVIEW

A.  <u>Relief from judgment pursuant to Fed. R. Civ. P. 60(b)</u>

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding . . . ." The rule requires that a motion seeking such relief be made within a reasonable time and, under certain circumstances, within a year after judgment was entered.

Courts have observed that Fed. R. Civ. P. 60(b) should not be used to circumvent restraints on successive habeas petitions. <u>See</u> <u>Thompson v. Calderon</u>, 151 F.3d 918, 921 (9th Cir. 1998) (citing <u>Felker v. Turpin</u>, 101 F.3d 657, 661 (11th Cir. 1996). In particular, the United States Court of Appeals for the Ninth Circuit has held that "[i]n most cases when the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b), . . . the Rule 60(b) motion should be treated as a successive habeas petition." <u>Thompson</u>, 151 F.3d at 921.

B.  **Permissibility of successive and abusive petitions for habeas relief**

The United States Court of Appeals for the Ninth Circuit has held that generally, "§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention." Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.), cert. denied, ___ U.S. ___, 124 S. Ct. 807 (2003)(citations and quotations omitted).

In general, where a prisoner already has challenged the legality of his detention pursuant to § 2255, he may not bring a successive or abusive motion under that section unless he first obtains certification, as provided in 28 U.S.C. § 2244, by an appropriate panel of the court of appeals. The panel must certify that the second motion contains either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

---

The Supreme Court has offered the following distinction between a successive habeas petition and an abusive one: "[a] successive petition raises grounds identical to those raised and rejected on the merits on a prior petition", whereas "[a]n abusive petition . . . rais[es] grounds that were available but not relied upon in a prior petition . . . ." Schlup v. Delo, 513 U.S. 298, 318 n.34 (1995) (internal quotations and citations omitted).

5

Despite the general limitations on successive and abusive petitions for habeas relief, the United States Supreme Court has recognized certain, rare circumstances in which district courts may consider a second habeas petition filed by a petitioner. See Schlup v. Delo, 513 U.S. 298 (1995). Specifically, where a petitioner has procedurally defaulted on his right to file a petition under 28 U.S.C. § 2255, he must establish "cause and prejudice" to excuse his failure to present evidence in support of his first § 2255 petition, or, in the case of an abusive petition, to excuse the petitioner's failure to raise the newly asserted grounds in his first petition. Id. at 314 (citing McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). In articulating the "cause and prejudice" standard, the Supreme Court explained:

> the cause standard requires the petitioner to show that some objective factor external to the defense impeded [the petitioner's] efforts to raise the claim in [his initial petition]. Objective factors that constitute cause include . . . a showing that the factual or legal basis for a claim was not reasonably available to [the petitioner]. In addition, constitutionally ineffective assistance of counsel is cause. Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default. Once the petitioner has established cause, he must show actual prejudice resulting from the errors of which he complains.

McCleskey, 499 U.S. at 493-94 (internal quotations and citations omitted).

A petitioner who cannot establish cause and prejudice to excuse his procedural default or abuse of writ may pursue federal

6

habeas relief only by demonstrating that he falls within the "narrow class of cases implicating a fundamental miscarriage of justice". Schlup, 513 U.S. at 314-15 (citation omitted). To establish a "miscarriage of justice," a petitioner must present evidence of innocence strong enough "that a court cannot have confidence in the [petitioner's guilty plea] unless the court is also satisfied that the [conviction] was free of nonharmless constitutional error". Id. at 316; see also Griffin v. Johnson, 350 F.3d 956, 963 (9th Cir. 2003), cert. denied, ___ U.S. ___, 124 S. Ct. 2039 (2004)(applying the Schlup standard to a situation in which the petitioner pled guilty). In other words, the petitioner "must show that the constitutional error probably resulted in the conviction of one who was actually innocent." Schlup, 513 U.S. at 322. To meet this standard, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327. As the Supreme Court has emphasized, a district court is not permitted to make an independent judgment as to whether reasonable doubt exists; rather, a district court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." Id. at 329. To establish a credible claim of actual innocence, a petitioner must support his allegations of constitutional error with reliable evidence not presented at trial, such as

7

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. Id. at 324; Griffin, 350 F.3d at 962-63 (explaining that at least in the Ninth Circuit, evidence in support of a claim of actual innocence, alleged as a basis to bring a successive or abusive habeas petition, must not have been presented to the jury, but need not be newly discovered).

## ANALYSIS

A. **Petitioner's motion is properly characterized as a successive habeas petition**

Although entitled a "Motion for Relief From Judgment Pursuant to Rule 60(b), Federal Rules of Civil Procedure," Petitioner's motion filed on May 5, 2004 is properly characterized as a petition for habeas corpus relief governed by 28 U.S.C. § 2255. Petitioner is a prisoner in custody, serving a sentence imposed by this Court, and claiming, for a second time, the right to be released on the grounds that his sentence was imposed in violation of the Constitution of the United States. Petitioner's pleading, therefore, is governed by the provisions of § 2255 and the federal jurisprudence regarding successive and abusive habeas petitions.

B. **Petitioner does not allege cause and prejudice to justify his filing of a second petition seeking habeas relief**

Petitioner acknowledges that his present motion, like his first § 2255 petition, challenges constitutional issues relating to the charges to which Petitioner pleaded guilty and for which

8

Petitioner was convicted. Petitioner does not assert that cause and prejudice justified his failure to present in his first § 2255 petition, filed on February 23, 2001, the grounds and evidence alleged in the instant motion. Specifically, Petitioner does not point to any objective, external factor that precluded him from raising in his original § 2255 petition the claims of insufficient evidence to convict and ineffective assistance of counsel alleged in the instant motion. See McCleskey, 499 U.S. at 493-94.

Rather than attempting to meet the "cause and prejudice" standard, Petitioner maintains that his instant motion contains a claim of actual innocence, therefore warranting the Court's consideration to prevent a fundamental miscarriage of justice.

C. **Petitioner's allegations do not fall within the narrow class of cases implicating a fundamental miscarriage of justice**

For Petitioner's claim of actual innocence to establish a basis for the Court to consider Petitioner's instant motion, despite the motion's effective status as an abusive § 2255 petition, Petitioner must present evidence of his innocence that is so strong that the Court cannot have confidence in his guilty plea. See Griffin, 350 F.3d at 963 (citing Schlup, 513 U.S. at 316). Such evidence may consist of exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. Schlup, 513 U.S. at 324.

Petitioner has not presented any evidence of his actual

innocence. Instead, Petitioner argues that at the time he pled guilty, the Government did not have sufficient evidence to convict Petitioner of the crime charged. Such an argument, however, is insufficient to meet the demanding standard set forth by the Supreme Court for establishing affirmative proof of actual innocence. See Schlup, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").

D.  **Petitioner has failed to fulfill the statutory criteria to enable his filing of a second federal habeas petition**

Petitioner has failed to obtain certification from the Ninth Circuit authorizing his filing of a second habeas petition. See 28 U.S.C. § 2255 (requiring a petitioner who already has challenged the legality of his detention pursuant to § 2255 to obtain certification from an appropriate panel of the appellate court prior to filing a second petition). This Court, therefore, lacks subject matter jurisdiction to consider Petitioner's motion. See id.; Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (internal quotations and citation omitted).

10

## CONCLUSION

In accordance with the foregoing, Petitioner's pleading entitled "Motion for Relief From Judgment Pursuant to Rule 60(b), Federal Rules of Civil Procedure" is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 9, 2004.

*[signature]*
HELEN GILLMOR
United States District Judge

---

Alvon Callier, II v. United States of America, Civ. No. 01-00133 HG-BMK; Crim No. 96-01292 HG; Order Denying Petitioner's Pleading Entitled "Motion for Relief From Judgment Pursuant to Rule 60(b), Federal Rules of Civil Procedure"